COLUMBIA BREWING COMPANY, PLAINTIFF-RESPONDENT, v. PHILIP TUMULTY, JR., DEFENDANT-APPELLANT.

Submitted December 6, 1915—Decided March 6, 1916.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"The record shows that a judgment was entered in the First District Court of Jersey City in a replevin suit, in which the parties to this action were, as here, plaintiff and defendant,

and that under the writ of replevin the officer seized a license certificate issued by the excise commission of Jersey City to the defendant to sell spirituous liquors, which was returned to defendant upon claim and bond. The judgment in that action was, that the title to the goods and chattels was in the plaintiff and possession was awarded to it. It was further adjudged that plaintiff recover six cents as the value of the property, and the further sum of $137.39 as damages for the unlawful detention. From this judgment the defendant appealed to the Supreme Court, giving a bond, the condition of which is, that if the defendant pay the cost of the appeal, and also the judgment of the court, and comply with the terms and conditions of the judgment, if the appeal be, among other things, dismissed, then the obligation to be void. The appeal was dismissed, but two days before the bond was given, and upon application by the plaintiff, an order was made by the District Court that the license certificate replevied be delivered to the plaintiff, as provided in section 138 of the District Court act. This section provides that where the goods shall have been delivered by the officer to the party against whom the issue shall be found, the party succeeding on such issue may, instead of pursuing his remedy for the damages by execution or action on the bond, apply to the court for an order that the goods be restored to him; and thereupon it shall be lawful for the court to make such an order and to enforce the performance of it by an appropriate writ; and the party succeeding in such action may, notwithstanding such order, recover his costs.

"After the appeal was dismissed by the Supreme Court, the plaintiff brought an action on the appeal bond to recover the damages for the detention, and having succeeded in the District Court had judgment, from which the defendant appeals. The ground urged for a reversal is, that the return of the certificate of license satisfied the judgment, because, as defendant claims, the judgment for the value of the goods, and the damages for detention, is an entire judgment which is satisfied by the return of the goods, and for this he relies upon *Nelson* v.

*Bock,* 84 *N. J. L.* 123. In that case, the wife of the defendant made a claim for the goods, and at the trial failed to support the claim, and it was urged that the judgment entered in the case against the defendant in the replevin suit was bad, because the judgment did not specify how much was awarded for goods and how much for detention, and the Supreme Court held that there was no reason why these items should be separated any more than that the jury in any action should return a verdict specifying how much was awarded for principal and how much for interest. We do not understand that this case holds that a judgment which did find how much was due for detention and how much for value would be bad, but only that it was not necessary. We do not think it is necessary in this case to pass upon that question, because the *status* was in existence when the appeal bond was given—that is, on that date the goods had been returned, but the judgment for damages for detention remained, and we do not see how it can be attacked collaterally. The defendant gave his voluntary bond to pay the judgment, and we should not construe section 138 to mean that where a judgment in replevin includes damages for detention, the mere return of the goods satisfies the detention damages. It seems to us that the defendant, instead of taking his appeal and giving a bond, should have applied to the District Court to have the judgment canceled. The condition of the bond is that he will pay whatever is due on that judgment, and, manifestly, he could not escape paying anything if he had only paid $10 on account of the judgment.

"Our opinion is that the judgment appealed from was properly entered and should be affirmed."

For the appellant, *Gross & Gross.*

For the respondent, *D. Eugene Blankenhorn.*

PER CURIAM.

The judgment of the court below will be affirmed, for the reasons stated in its *per curiam.* We desire, however, to point

out that the Supreme Court fell into error in stating that the judgment in the replevin suit was between the same parties as those before the court in the case at bar, and that under the writ of replevin the officer seized a license certificate of the defendant, Tumulty, which was returned to him upon claim and bond. As a matter of fact, the parties to the replevin suit were the Columbia Brewing Company, plaintiff, the plaintiff and respondent in this case, and Paul Wisenfeld, defendant. Mr. Tumulty, the defendant and appellant in this action, entered into a bond, as surety, with the defendant in the replevin suit, as principal, to the Columbia Brewing Company, the plaintiff therein, and, the condition of the bond having been broken, the plaintiff in the replevin action, the respondent here, commenced this suit on the bond against the surety, the defendant and appellant.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, PARKER, MINTURN, KALISCH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 12.

*For reversal*—None.